## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**Gregory Lamb,**
    **Plaintiff,**

    vs.                                                                                            07-1271

**Lisa Madigan, et al.,**
    **Defendants**

### OPINION

    The plaintiff, Gregory Lamb, has filed a lawsuit against Lisa Madigan, Attorney General of the State of Illinois; Richard Devine, Kelly Choates, and Franis Catinia. He brings his lawsuit purportedly pursuant to 18 USCA §1001 and 28 USCA §981. In his complaint, he requests that this court vacate strikes he earned pursuant to 28 U.S.C. § 1915(g). This court will not revisit the various cases the plaintiff names in his complaint. In Lamb v. Blagojevich, 04-1987, the United States Court of Appeal in its June 1, 2004 order found that the district court properly determined that the appellant [Gregory Lamb] had accumulated three strikes in *Lamb v. Cooper*, No. 98-3324 (7th Cir. May 19, 2000); *Lamb v. Snyder*, No. 00 C 772; *Lamb v. Ryan*, No. 00 C 114.

    Gregory Lamb has filed several lawsuits in this court and a number of the appeals have been dismissed for failure to pay the filing fees. He has accumulated at least three strikes and is not permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). A prisoner who becomes ineligible under § 1915(g) to continue litigating in forma pauperis, and who then files additional suits or appeals, yet does not pay the necessary fees, loses the ability to file future civil suits. *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997). Until the plaintiff has paid in full all outstanding fees and sanctions in all civil actions he has filed in this district, the clerk of this court shall return unfiled any papers submitted either directly or indirectly by or on behalf of the plaintiff Gregory Young. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37, and *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam). *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

**It is ordered:**

1.     **Pursuant to 28 U.S.C. § 1915(g), the plaintiff's petition to proceed in forma pauperis [2] is denied.**
2.     **The plaintiff's lawsuit is dismissed in its entirety.**
3.     **Pursuant to *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997), the plaintiff has lost the ability to file future civil suits in this district.**
4.     **Until the plaintiff has paid in full all outstanding fees and any sanctions in all civil**

      actions he has filed in this district, the clerk of this court shall return unfiled any papers submitted either directly or indirectly by or on behalf of the plaintiff Gregory Young.

5.     This order does not apply to criminal cases or petitions challenging the terms of the plaintiff's confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37, and *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995).

Enter this 19th day of October 2007.

                                s\Harold A. Baker
                    _____
                                Harold A. Baker
                            United States District Judge